Deaderick, O. J.,
delivered tbe opinion of tbe court.
Tbe question in this case is, whether tbe chancellor erred in sustaining tbe demurrer to tbe cross-bill.
*630 It is insisted that there are no distinct or specific allegations in the cross-bill of the facts sought to be put in issue by it, and upon this ground the defendants therein demurred to it. It is also objected that the answer is not filed as a cross-bill, as allowed by the statute, but that the answer is distinct and separate from the cross-bill, and, although written, filed and sworn to as one, the cross-bill can derive no aid, as to its defective allegations, from anything contained in the answer.
Thomas and Yancey are seeking, by their original bill, to be discharged from liability on a note to the testator of Folk, executed by Buck & Co., and signed by Thomas & Yancey, as sureties, a.i they allege.
The cross-bill charges that they, Thomas & Yancey, were fully or in part indemnified against their liability by a sufficient amount of assets, or effects or means placed in their hands by Buck & Co., to save them harmless, and to pay said note, principal and interest, and that such assets, means, or effects' were sufficient to pay said note in whole or in part, and were received by them for such purpose.
This is charged upon information and belief, and not upon the personal knowledge of the executor — the complainant in the cross-bill. It is further stated that the kind and amount of such effects, assets, or means are unknown to complainant, and defendants are called upon to answer, on oath, the amount and kind of assets, effects, or means so received by them for said purpose, and they pray for an‘account, and decree for the amount ascertained to have been received, and for final decree for the amount due on said note.
The bill does not specify the kind of assets or effects so received, and this is the ground of objection taken by the demurrer.
The cross-bill is filed by an executor who does not profess to have personal knowledge of the facts charged, nor *631 is it necessary that he should specifically charge the amount of such effects or the hind.
It is distinctly charged, upon information and belief, that effects and means were so received by defendants sufficient to pay all or a portion of said note from their alleged principal, and for that very purpose, and they are called upon to disclose the kind and amoiifit, because complainant did not know either. And this, we think, is sufficiently specific to entitle the complainant to an answer.
In the answer to the original bill respondent uses this •language: “Respondent having fully answered, prays to be permitted to file this as a cross-bill,” etc., and then proceeds to make the charge already recited.
The language above quoted makes it clear that the answer was filed as a cross-bill under our statutes, and that all the allegations and averments therein may be consid* ered and looked to in the disposition of the demurrer.
The chancellor’s decree, sustaining the demurrer to 'the cross-bill, will be reversed and the cause remanded for answer to the cross-bill, and for further proceedings.
Thomas & Yancey will pay the costs of the appeal.